# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY- NEWARK VICINAGE

| | |
|---|---|
| RAYVIN BUTLER, (as *Administrator ad Prosequendum* on behalf of decedent and as general administrator of the intestate estate of decedent, Tyree Crawford, Jr.)<br>62 Pine Grove Terrace<br>Newark, NJ 07106, | Case No. 04942 |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| **BARRY BAKER**, Individually; **GEORGE HINES**, Individually; **EUCLIDES LOPEZ**, Individually; **RICHARD CASALE**, Individually; **DANIEL OLIVERIA**, Individually; **FRANCISCO MARTINEZ**, Individually; **RONALD SOTO**, Individually; **COREY GRUBBS**, Individually; **IVORY HAYES**, Individually; **JOHN AND JANE DOE NEWARK POLICE OFFICERS, 1-10**, Individually; **JOHN AND JANE DOE NEWARK POLICE SUPERVISORS, 1-5**, Individually, | |

## ORDER GRANTING APPLICATION
## FOR ADMISSION PRO HAC VICE
## OF EDWARD SKIPTON

THIS MATTER having been brought before the Court by Jack Meyerson, Esquire, counsel for Rayvin Butler, for an Order allowing Edward Skipton, Esquire, of Meyerson & O'Neill to appear and participate *pro hac vice*; and the Court having considered the moving papers; and for good cause shown pursuant to Local Rule 101.l(c), United States District Court for the District of New Jersey;

IT IS THIS ___ day of November, 2016, hereby

**ORDERED** that Edward Skipton, Esquire, be permitted to appear *pro hac vice* in the above-captioned matter in the United States District Court for the District of New Jersey pursuant to Local Rule 101.1(c); provided, however, that all pleadings, brief and other papers

filed with the Court shall be signed by Jack Meyerson, a member of the firm of Meyerson & O'Neill in good standing with the Bar of the Supreme Court of New Jersey and the Bar of this Court, who shall be held responsible for said papers and for the conduct of the case, and who shall be present before the Court during all phases of this proceeding, unless expressly excused by the Court, as well as be held responsible for the conduct of the attorney admitted *pro hac vice* pursuant to this Order; and it is further

**ORDERED** that, pursuant to L Civ. R. 101.1(c)(2), Edward Skipton, Esquire, shall pay the annual fee to the New Jersey Lawyer's Fund for Client Protection in accordance with the New Jersey Court Rule 1:28-2 within twenty (20) days from the date of the entry of this Order, enclosing with payment a completed Form PHV-13; and it is further

**ORDERED** that, pursuant to L. Civ. R. 101.1(c)(3), Edward Skipton, Esquire, shall make a payment of $150.00, payable to the Clerk, United States District Court; and it is further

**ORDERED** that Edward Skipton, Esquire, shall be bound by the Local Rules of the United States District Court for the District of New Jersey, including but not limited to the provisions of Local Rule 103.1, Judicial Ethics and Professional Responsibility, and Local Rule 104 1, Discipline of Attorneys; and it is further

**ORDERED** that, pursuant to L Civ. R. 101 1(c)(4), Edward Skipton, Esquire, shall be deemed to have agreed to take no fee in any tort case in excess of the New Jersey Court Contingency Fee Rule, Rule 1:21-7.

_____
Hon. Steven C. Mannion